**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4384
_____

UNITED STATES OF AMERICA

v.

JOSEPH V. MONROE,
                                  Appellant
_____

Appeal from the United States District Court for
the Western District of Pennsylvania
(W.D. Pa. No. 2-15-cr-00074-001)
U.S. District Judge: Honorable Donetta W. Ambrose
_____

No. 19-1494
_____

UNITED STATES OF AMERICA

v.

DAVID COPES, a/k/a David Henderson-Copes,
                                  Appellant
_____

Appeal from the United States District Court for
the Eastern District of Pennsylvania
(E.D. Pa. No. 2-18-cr-00319-001)
U.S. District Judge: Honorable Timothy J. Savage
\_\_\_

Submitted Under Third Circuit L.A.R. 34.1(a)
October 23, 2019
_____

Before: McKEE, AMBRO and ROTH, *Circuit Judges*

(Opinion filed: January 6, 2021)

_____

OPINION[*]

_____

McKEE, *Circuit Judge,*

Joseph V. Monroe and David Copes, whose criminal appeals were consolidated for disposition, appeal various aspects of their convictions and sentences under 18 U.S.C. § 924(c) arising from a Hobbs Act robbery. First, we must determine whether our decision in *United States v. Robinson*, 844 F.3d 137 (3d Cir. 2016) was abrogated by the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which would alter the application of 18 U.S.C. § 924(c). Next, we must decide whether Hobbs Act robbery qualifies as a crime of violence for purposes of § 924(c). For the following reasons, we will affirm the § 924(c) convictions, but do so on different grounds than relied upon by the district courts.[1]

**I.**

Monroe and Copes raise two issues on appeal. First, they claim that our decision in *United States v. Robinson*,[2] which applied a modified categorical approach in determining that Hobbs Act robbery is a crime of violence, was abrogated by the Supreme Court's

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The district courts had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

[2] 844 F.3d 137 (3d Cir. 2016).

decision in *United States v. Davis*.[3]  After *Davis*, all cases analyzed under the elements clause must apply the categorical approach.[4] Second, defendants argue that Hobbs Act robbery is therefore no longer a crime of violence under 18 U.S.C. § 924(c) because § 924(c)(3)(B) is unconstitutionally vague.[5] However, Hobbs Act robbery is still a crime of violence under the "elements prong" of § 924(c) because Hobbs Act robbery satisfies § 924(c)(3)(A) using the categorical approach.

Copes and Monroe contend that their convictions under § 924(c)(3) must be vacated because Hobbs Act robbery does not satisfy the elements clause and thus it is not a "crime of violence." The defendants argue that Hobbs Act robbery does not qualify as a crime of violence because Hobbs Act robbery can be committed without the "use, attempted use, or threatened use of physical force."[6]

Hobbs Act robbery is defined, in relevant part, as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property."[7] Section 924(c)(3)(A) defines a "crime of violence" as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

---

[3] 139 S. Ct. 2319 (2019).
[4] Defendants and the government both agree that *Davis* effectively abrogated *Robinson*. We accept for the purposes of this appeal that § 924(c)(3)(A) requires the categorical approach.
[5] *Davis*, 139 S. Ct. at 2336.
[6] *Copes* Appellant Br. 16–20; *Monroe* Appellant Br. 19–22.
[7] 18 U.S.C. § 1951(b)(1).

Copes and Monroe argue that the least culpable conduct necessary to commit Hobbs Act robbery does not meet the 924(c)(3)(A) definition. They present various non-violent hypotheticals as alternative means of committing Hobbs Act robbery through fear of injury to intangible property: making a restauranteur hand over money by threatening to scream rat in front of customers,[8] making a shareholder hand over a wallet by threatening to start a boycott of the company on social media,[9] or threatening pecuniary injury.[10] These hypotheticals misconstrue the Hobbs Act robbery definition, and they misconstrue the definition of "physical force" under Section 924(c)(3)(A).

Initially, we note that the defendants' hypotheticals do not present "more than the application of legal imagination."[11] They do not point to any cases where courts have applied Hobbs Act robbery in the manner hypothesized.[12] Moreover, their failure to do so is not surprising. Their hypotheticals do not constitute the type of "injury" contemplated by the "fear of injury" included in Hobbs Act robbery. We have previously accepted dictionary definitions of "injure" to mean "to inflict bodily hurt on" or "[t]o do harm to, damage, or impair. To hurt or wound, as the person."[13] We have concluded that these

---

[8] *Copes* Appellant Br. 18

[9] *Id.*

[10] *Monroe* Appellant Br. 21.

[11] *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).

[12] *See id.* ("To show that realistic probability, an offender, of course, may show that the statute was so applied in his own case. But he must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues.").

[13] *United States v. Chapman*, 866 F.3d 129, 135 (3d Cir. 2017) (citing WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1164 (1993) and BLACK'S LAW DICTIONARY 785 (6th ed. 1990)).

4

definitions "necessarily threaten[] the use of physical force."[14] Thus, "'fear of injury' cannot occur without at least a threat of physical force" sufficient to satisfy the elements clause for the "crime of violence" definition.[15] In addition, there is evidence that "Congress intended the 'physical force' element to be satisfied by . . . fear of injury."[16]

Copes and Monroe use the wrong definition of physical force under § 924(c)(3)(A).[17] The Supreme Court has concluded that "'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person."[18] When applying the appropriate "fear of injury" definition outlined above to the correct definition of physical force, Hobbs Act robbery is clearly a crime of violence.

## Conclusion

For the foregoing reasons, we will affirm Monroe's and Copes's convictions under 18 U.S.C. § 924(c)(3)(A).

---

[14] *Id.* ("[W]e conclude that knowingly mailing a communication threatening to injure the person of the addressee or of another necessarily threatens the use of physical force.").

[15] *See United States v. Robinson*, 844 F.3d 137, 151 (Fuentes, J., concurring).

[16] *See id.* at 151 n.28 ("Congress specifically singled out the federal bank robbery statute as a crime that is the prototypical 'crime of violence' captured by Section 924(c). Yet, the federal bank robbery statute, 18 U.S.C. § 2113(a), is analogous to Hobbs Act robbery. Section 2113 may be violated by 'force and violence, or by *intimidation*,' just as the Hobbs Act robbery statute may be violated by 'actual or threatened force, or violence, or *fear of injury*.' From this, we can surmise that Congress intended the 'physical force' element to be satisfied by intimidation or, analogously, fear of injury." (internal citations omitted)). *See also United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) ("[W]e see no material difference between [intimidation and fear of injury].").

[17] *See, e.g.*, *Copes* Appellant Br. 18 ("And 'physical force' 'plainly refers to force exerted by and through concrete bodies.'"); *Monroe* Appellant Br. 21–22 ("Consequently, federal robbery affecting interstate commerce does not have as an element the *violent physical force* necessary to satisfy the definition of § 924(c)(3)(A).") (emphasis added).

[18] *Johnson v. United States*, 559 U.S. 133, 140 (2010).

5